UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
J.P. MORGAN SECURITIES INC.,                         :

                Plaintiff,          : ___Civil Action No.____(        )

    against-                                         :

HERNAN E. ARBIZU,                                    :

                Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**EMERGENCY AFFIRMATION OF JORDAN D. BECKER IN SUPPORT
OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

       JORDAN D. BECKER, under penalty of perjury, affirms as follows:

       1.    I am admitted to practice law before this Court and the Courts of the State of New York and am a member of the firm Paduano & Weintraub LLP, attorneys for Plaintiff J.P. Morgan Securities Inc., ("Plaintiff" or "JP Morgan"). I submit this Affirmation in support of Plaintiff's application for the Court to grant the relief requested in the accompanying Order to Show Cause, and for such request to be considered expeditiously by this Court. Specifically, Plaintiff's motion for a temporary restraining order and a preliminary injunction, pursuant to Fed. R. Civ. P. 65, seeks to enjoin Defendant Hernan Arbizu ("Defendant") from soliciting JP Morgan's clients in violation of his contractual and common law obligations, and require Defendant to return to JP Morgan all JP Morgan documents and information that Defendant improperly took.

       2.    Plaintiff has instituted this action against Defendant, asserting claims for breach of contract, misappropriation of trade secrets and confidential

information, and conversion. Defenant alleges that Defendant has improperly taken confidential information he had from JP Morgan to solicit JP Morgan's clients to transfer their investment accounts from JP Morgan. This action seeks injunctive relief against Defendant to compel the return of all information and property and to enjoin the use of such information to solicit JP Morgan's clients.

3.   JP Morgan's Complaint expressly states that, in the absence of a temporary restraining order and preliminary injunction, the relief sought in the arbitration being commenced will be rendered ineffectual.

4.   The factual background to the dispute is detailed in the accompanying Complaint and Affidavit of Luke R. Palacio, sworn to on June 13, 2008 (the "Palacio Aff."). As set forth in the Palacio Affidavit, JP Morgan' dispute with Defendant is subject to arbitration before the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution. Plaintiff JP Morgan is a member firm of FINRA, which was created in July 2007 through the consolidation of the National Association of Securities Dealers, Inc. (the "NASD") and the member regulation, enforcement and arbitration functions of the New York Stock Exchange. Defendant maintains securities licenses through FINRA.

5.   In connection with his status as a Registered Representative of JP Morgan, Defendant executed a Form U-4 Uniform Application for Securities Industry Registration or Transfer. By executing the Form U-4, Defendant agreed to submit to arbitration disputes, claims and controversies arising between himself

and JP Morgan. Pursuant to Rule 13804 of the NASD Code of Arbitration Procedure for Industry Disputes, if a party seeks temporary injunctive relief in connection with an arbitrable dispute, it must seek such relief from a court, not FINRA. A true and correct copy of Rule 13804 is attached to the Palacio Aff. as <u>Exhibit A</u>.

6. We are currently in the process of preparing and filing a Statement of Claim with FINRA Dispute Resolution.

7. The Palacio Affidavit and JP Morgan's Complaint make clear that Defendant's misconduct has and will continue to cause irreparable harm to JP Morgan by causing: (a) present and future economic loss, both of which are incalculable at this time; (b) disclosure of trade secrets, customer lists, and other confidential information; and (c) loss of confidentiality of internal proprietary information. Accordingly, Plaintiff maintains that without a temporary restraining order, Defendant will use JP Morgan's property and its confidential and proprietary information in order to solicit JP Morgan's customers for his own personal gain and for the benefit of his new firm, to JP Morgan's detriment. Thus, Plaintiff is entitled to a temporary restraining order against Defendant pursuant to Fed. R. Civ. P. 65 until such time as the merits of this dispute are finally resolved in the mandatory arbitration that Plaintiff is in the process of contemporaneously commencing before FINRA.

8. We must be heard before the Court immediately because

without judicial intervention, any FINRA arbitration award will be rendered ineffectual.

9.  Plaintiff has made no prior application for this or similar relief to this or any other Court.

10. WHEREFORE, Plaintiff respectfully requests that the Court order a temporary restraining order enjoining Defendant from soliciting JP Morgan's clients in violation of his contractual and common law obligations and requiring Defendant to return to JP Morgan all documents and information. Additionally, Plaintiff requests that the Court grant Plaintiff leave to conduct expedited discovery in aid of this application, including leave to depose Defendant.

**Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Dated:   New York, New York
         June 13, 2008

_____
Jordan D. Becker