FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE HOLWELL

------------------------------------x
J.P. MORGAN SECURITIES INC.,

    Plaintiff,

08 CIV 5423

-against-

HERNAN E. ARBIZU,

    Defendant.
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/08

### ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Upon the affidavit of the Affidavit of Luke C. Palacio, dated June 13, 2008 (and the exhibits thereto), the Affirmation of Jordan D. Becker, dated June 13, 2008, and the complaint annexed hereto, dated June 13, 2008, it is

ORDERED that the above named defendant, Hernan E. Arbizu ("Arbizu" or "Defendant"), show cause before a motion term of this Court at Room 17B, United States Courthouse, 500 Pearl Street, New York, New York on June 27, 2008 at 11 o'clock ___ a.m./p.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendant and all those acting in concert with him during the pendency of this action: (i) from directly or indirectly using, disclosing, or transmitting for any purpose all JP Morgan documents, materials, assets, and/or information belonging to JP Morgan and/or JP Morgan clients that Defendant misappropriated; (ii) requiring the Defendant to disgorge and to surrender all documents, materials, assets and/or information in whatever form (whether original, copied, computerized, electronic or

handwritten) belonging to JP Morgan and JP Morgan's clients that Defendant misappropriated; (iii) requiring the Defendant from destroying or converting any of these records, client information, documents, materials, assets and/or information in whatever form (whether original, copied, computerized, electronic or handwritten) belonging to JP Morgan and JP Morgan clients; (iv) requiring the Defendant to return to JP Morgan all documents, materials, assets and/or information in whatever form (whether original, copied, computerized, electronic or handwritten) belonging to JP Morgan and JP Morgan clients; (v) requiring the Defendant to purge any computerized materials and documents and information derived therefrom in his possession, custody or control after Defendant first prints and returns it to JP Morgan; and (vi) enjoining the Defendant from soliciting any JP Morgan clients for his benefit or to divert their accounts to a JP Morgan competitor. *(as stated on the record at the hearing held on June 20, 2008)*

ORDERED that, sufficient reason having been show therefore, pending hearing of plaintiff's application for preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendant, and all those acting in concert with him, are temporarily restrained and enjoined:

> (i) from directly or indirectly using, disclosing, or transmitting for any purpose all JP Morgan documents, materials, assets, and/or information belonging to JP Morgan and/or JP Morgan clients that Defendant misappropriated;

> (ii) to disgorge and to surrender all documents, materials, assets and/or information in whatever form (whether original, copied, computerized, electronic or handwritten) belonging to JP Morgan and JP Morgan's clients that Defendant misappropriated;

2

2008; and it is further

    ORDERED that oral argument on this application is directed on the return date.

Dated: New York, New York

                                                                                                        United States District Judge