USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/1/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

J.P. MORGAN SECURITIES INC.,           :

             Plaintiff,           : Civil Action No.
                              08 Civ. 5423 (RJH)

    -against-                                :

HERNAN E. ARBIZU,                       :

             Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

## PRELIMINARY INJUNCTION

Upon consideration of the affidavit of the Affidavit of Luke C. Palacio, dated June 13, 2008 (and the exhibits thereto), the Affirmation of Jordan D. Becker, dated June 13, 2008, and the Amended Complaint, dated June 16, 2008, and the submission of Defendant Hernan E. Arbizu ("Arbizu" or "Defendant") dated June 26, 2008, and having considered the arguments of counsel on June 20, 2008 and June 27, 2008, and all the prior proceeding had herein, including the Order to Show Cause for Preliminary Injunction and Temporary Restraining Order issued by the Court on June 20, 2008, the Court finds as follows that:

1. That plaintiff has demonstrated a likelihood of success on the merits of its claims that

   a. While affiliated with J.P. Morgan Securities Inc. and its affiliates ("J.P. Morgan"), Arbizu misappropriated J.P. Morgan documents, materials, and/or information belonging to J.P. Morgan and J.P. Morgan clients.

   b. Defendant Arbizu has violated multiple confidentiality agreements and contractual obligations he was bound by while affiliated with J.P. Morgan.

   c. As such, Arbizu has violated J.P. Morgan's contractual, statutory,

and common law rights with respect to its confidential and proprietary business and customer information, in addition to contravening his explicit agreements with J.P. Morgan, and unless enjoined immediately, Arbizu will continue to violate J.P. Morgan's contractual, statutory, and common law rights.

~~4~~ 2. J.P. Morgan will suffer irreparable injury if Arbizu is permitted to use and to retain J.P. Morgan's confidential and proprietary business and customer information and to convert J.P. Morgan property to his use.

~~5~~ 3. J.P. Morgan has no adequate remedy at law; and

~~6~~ 4. J.P. Morgan will sustain greater injury by the denial of injunctive relief than Arbizu would suffer should this Court grant such relief.

Accordingly, it is **ORDERED**, **ADJUDGED** and **DECREED** that, sufficient reason having been shown therefor, the Defendant, and all those acting in concert with him, are preliminarily restrained and enjoined:

> (i) from directly or indirectly using, disclosing, or transmitting for any purpose all J.P. Morgan documents, materials, and/or information belonging to J.P. Morgan and/or J.P. Morgan clients that Defendant misappropriated;
>
> (ii) to disgorge and to surrender all documents, materials, ~~assets~~ and/or information in whatever form (whether original, copied, computerized, electronic or handwritten) belonging to J.P. Morgan and J.P. Morgan's clients that Defendant misappropriated on or before ~~June~~ July 10, 2008;
>
> (iii) from destroying or converting any of these records, client information, documents, materials, assets and/or information in whatever form (whether original, copied, computerized, electronic or handwritten) belonging to J.P. Morgan and J.P. Morgan clients;
>
> (iv) to return to J.P .Morgan all documents, materials, ~~assets~~ and/or

2

information in whatever form (whether original, copied, computerized, electronic or handwritten) belonging to J.P. Morgan and J.P. Morgan clients on or before ~~June~~ July 10 ___, 2008;

(v) to purge any computerized materials and documents and information derived therefrom in his possession, custody or control after Defendant first prints and returns it to J.P. Morgan and to provide to J.P. Morgan written verification of such purging; and

(vi) from soliciting or inducing or attempting to induce to leave J.P. Morgan, or divert or attempt to divert from doing business with J.P. Morgan, any then current customers, suppliers or other persons or entities that were serviced by Defendant or whose names became known to Defendant by virtue of his employment with J.P. Morgan, or otherwise interfere with the relationship between J.P. Morgan and such customers, suppliers or other persons or entities, and it is further

ORDERED, that this Order shall remain in full force and effect until further order of this Court or a duly appointed Panel at FINRA Dispute Resolution.

Dated: New York, New York
       June ~~27~~ 30, 2008

_____
United States District Judge